```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

BERTHA BRUMFIELD                        CIVIL ACTION

VERSUS                                  NO: 07-7495

STATE FARM FIRE & CASUALTY              SECTION: "J" (5)
COMPANY
```

## ORDER AND REASONS

Before the Court is Plaintiff's Motion to Remand (Rec. Doc. 4). For the reasons below, Plaintiff's motion is **GRANTED.**

### BACKGROUND

This lawsuit arises out of damages Plaintiff suffered as a result of Hurricane Katrina. Plaintiff filed suit in Civil District Court in Orleans Parish and Defendant timely removed on the basis of diversity of citizenship. Plaintiff contends that the amount in controversy does not reach the requisite amount of $75,000. Plaintiff filed, along with her motion to remand, an affidavit which states that neither the lawyer nor the Plaintiff will seek damages in state court in excess of $75,000.

**DISCUSSION**

Federal courts are courts of limited subject matter jurisdiction and cannot entertain suits unless authorized by law. *Coury v. Prot*, 85 F.3d 244, 248, (5th Cir. 1996). Federal district courts have jurisdiction over civil actions in which the amount in controversy exceeds $75,000, and the claim is between citizens of different states. 28 U.S.C. § 1332. The party seeking to assert diversity jurisdiction bears the burden of proof. *DeAguilar v. Boeing*, 47 F.3d 1404 (5th Cir. 1995). Accordingly, when a case is removed to federal court, the defendant bears the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. *Hartford Ins. Group v. Lou-Con Inc.*, 293 F.3d 908, 910 (5th Cir. 2002).

In general, courts evaluate the facts supporting jurisdiction at the time of removal. *Gebbia v. Wal-mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000); *Simon v. Wal-mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). It follows that "post-removal affidavits, stipulations, amendments reducing the amount do not deprive the district court of jurisdiction." *Simon*, 193 F.3d at 851; *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 283, 293 (1938). However, post-removal affidavits may be considered if the basis for jurisdiction is ambiguous at

the time of removal. *Gebbia*, 233 F.3d at 883. Significantly, Louisiana state courts prohibit plaintiffs from pleading for relief in specific dollar amounts. La. Code Civ. Pro. 893. Hence, Defendant must establish that the required jurisdictional amount is met by demonstrating that it is "facially apparent" from the complaint that plaintiff's claims are likely to exceed $75,000 or by highlighting facts in controversy in the removal petition and, if necessary, submitting an affidavit to support a finding of the requisite amount. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). Because it is presumed that a federal court lacks jurisdiction until such jurisdiction has been proven, any doubt as to federal subject matter jurisdiction is to be resolved in favor of remand. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40 (5th Cir. 1992).

## CONCLUSION

The Court finds that it was not facially apparent at the time of removal that the amount in controversy in this case exceeded $75,000 and that ambiguity concerning the amount in controversy should be resolved in favor of remand especially now that the Plaintiff has filed an adequate stipulation into the record. Accordingly,

**IT IS ORDERED** that the matter be remanded to the Civil

District Court for the Parish of Orleans, Louisiana.

New Orleans, Louisiana this the 28th day of January, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE